UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON R. T.,[1] | |
| Plaintiff, | Case No. 1:24-cv-00446-DKG |
| v. | **MEMORANDUM DECISION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of his applications for a period of disability and disability insurance benefits, and for supplemental security income. (Dkt. 1). Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will remand this matter to the Commissioner for further proceedings for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

On March 11, 2021, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act and, on March 19, 2021, Plaintiff filed an application for supplemental security income under Title XVI. Both applications alleged a disability onset date of February 11, 2020, which was later amended to February 11, 2021. (AR 15).

The applications were denied upon initial review and on reconsideration. A hearing was conducted by an Administrative Law Judge (ALJ) on August 30, 2023, at which the ALJ heard testimony from Plaintiff and a vocational expert. (AR 15). On October 2, 2023, the ALJ issued a written decision finding Plaintiff was not disabled from the alleged onset date through the date of the decision. (AR 15-31). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision on September 24, 2024. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was thirty-five years of age on the alleged disability onset date. (AR 29). Plaintiff has previous relevant work experience as a screen installer and delivery driver. (AR 29). Plaintiff claims he is unable to work due to physical and mental impairments of low vision, depression, anxiety, attention deficit hyperactivity disorder (ADHD), forgetfulness, impulsivity, autism, bilateral hearing loss, and low intelligence quotient. (AR 265, 390).

**MEMORANDUM DECISION AND ORDER - 2**

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: autism spectrum disorder, ADHD, intellectual functioning disability, conductive and sensorineural hearing loss, and major depressive disorder. (AR 18). Plaintiff's hypertension and obesity were found to be non-severe. *Id*.

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id*. The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> he is capable of no more than occasional exposure to vibrations; he is capable of working in an environment with no more than a moderate noise level as defined by the Selected Characteristics of Occupations; he is able to perform work that requires no more occasional work-related exposure to hazards, such as unprotected heights and unguarded moving

machinery; he is capable of traveling to and from a single workplace but is otherwise incapable of traveling for work; he is able to understand, remember, and carry out simple and detailed but uninvolved written and oral instructions and tasks and work at a consistent pace throughout the workday at such tasks but not at a production rate pace where each task must be completed within a strict time deadline, such as work on a conveyor belt or assembly line, or within high quota demands, such as work with an hourly quota requirement; he is able to make occasional workplace decisions involving a few concrete variables in or from standardized situations; he is able to sustain concentration and persist at workplace tasks, as described, up to 2 hours at a time with normal breaks during an 8-hour workday; he is able to perform work that does not require interaction with the general public as an essential element of the job but may involve occasional incidental contact (such as exchanging greetings in a hallway or public space); and he is capable of working in proximity to co-workers and supervisors but is capable of no more than occasional interaction with such individuals and is incapable of performing tasks requiring conflict resolution, requiring him to direct the work of others or persuade others, or requiring him to work jointly or cooperatively with a co-worker or co-workers on tandem tasks or in a team environment.

(AR 22).

At step four, the ALJ found Plaintiff unable to perform any past relevant work and, therefore, proceeded to step five. (AR 28-29). Relying upon the vocational expert, the ALJ found that other jobs exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience, and RFC, such as: Lab Equipment Cleaner, Cart Attendant, Automobile Detailer. (AR 29-30). The ALJ made alternative findings that other jobs exist that Plaintiff can perform if the RFC contained an additional limitation that the work environment must be no more than a quiet noise level. (AR 30). The ALJ therefore determined Plaintiff was not disabled from February 11, 2021, through the date of decision. (AR 31).

**MEMORANDUM DECISION AND ORDER - 4**

## ISSUES FOR REVIEW

1.      Whether the ALJ properly evaluated the medical opinion evidence.

2.      Whether the ALJ properly evaluated Plaintiff's subjective symptom statements.

3.      Whether the RFC is supported by substantial evidence.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 122526 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the

Court must uphold the ALJ's finding even if other evidence may exist that supports

Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir.

2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the

Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**DISCUSSION**

### 1.  Medical Opinion Evidence

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence provided

by Lindsay Walles, Au.D, CCC-A; Jason Gage, Ph.D; Carolyn Golden, PsyD; and Jacob

Atkinson, PsyD. (Dkt. 20, 27). Defendant maintains the ALJ properly considered the

opinion evidence consistent with the applicable regulations. (Dkt. 22).

### A.    Legal Standard

Under the regulations governing an ALJ's evaluation of medical opinion evidence

for claims filed on or after March 27, 2017, such as here, the ALJ evaluates the

persuasiveness of the opinions based on several factors. 20 C.F.R. §§ 404.1520c(a),

416.920c(a). These are: supportability, consistency, relationship to the claimant,

specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

The most important factors in the evaluation process are supportability and consistency.

20 C.F.R. §§ 404.1520c(b)(2), 416.9520c(b)(2).

"Supportability means the extent to which a medical source supports the medical

opinion by explaining the 'relevant...objective medical evidence.'" *Woods v. Kijakazi*, 32

F.4th 785, 791-792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20

C.F.R. § 416.920c(c)(1). "Consistency means the extent to which a medical opinion is

'consistent...with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id.*; 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence). The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported...and consistent with the record...but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787.

### B.    Dr. Golden

Plaintiff argues the ALJ erred in failing to evaluate the persuasiveness of Dr. Golden's psychological assessment. (Dkt. 20, 27). Defendant contends the assessment

was not a "medical opinion" of Plaintiff's work-related functional limitations and,

therefore, the ALJ was not required to evaluate it as an opinion. (Dkt. 22 at 18-19).

Dr. Golden, a licensed psychologist, supervised a psychological assessment of

Plaintiff performed on July 22, 2020. (AR 558-573). The psychological assessment was

based on review of Plaintiff's records, interviews of Plaintiff and caregivers, and an array

of objective tests. The assessment discussed relevant Plaintiff's personal and medical

history, testing observations and impressions, test results and interpretations, and

conclusions and recommendations of the evaluators. Importantly, Plaintiff's mental

impairments and functional limitations are discussed throughout the assessment.

In the written decision, the ALJ does not evaluate or even mention Dr. Golden's

psychological assessment. (AR 15-31). The Court finds this was clear legal error.

"[A] medical opinion is a statement from a medical source about what you can still

do despite your impairment(s) and whether you have one or more impairment-related

limitations or restrictions[.]" 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). Here, Dr.

Golden's fifteen-page assessment diagnosed Plaintiff with Autism Spectrum Disorder,

ADHD, depression, and anxiety; and, more importantly, provides discussion of Plaintiff's

functional impairments resulting from the same. Specifically, the assessment detailed

Plaintiff's functional limitations in his ability to manage his household and finances,

communication and social interactions, adaptive functioning, executive functioning,

memory, and behaviors. For instance, the assessment explained that Plaintiff's autism

caused behavioral problems resulting in his inability or refusal to follow instructions or

complete tasks as instructed while working in his prior jobs and difficulties with

communication and social challenges. (AR 564-567). Additionally, the assessment found

Plaintiff's impairments caused significant attention and concentration struggles, poor

planning and organization on task, forgetfulness and impulsivity, poor insight, and that

his anxiety impaired his functioning at work. (AR 560, 563, 567). These functional

limitations – in particular, Plaintiff's inability to follow instructions or complete tasks as

instructed – are relevant to Plaintiff's ability to perform work activities despite his

impairments. As such, the assessment was a medical opinion that the ALJ was required to

evaluate and articulate how it was considered. 20 C.F.R. §§ 404.1513(a)(2),

416.913(a)(2); *see e.g. Anna C. v. O'Malley*, 734 F.Supp.3d 1123, 1133 (D. Or. 2024)

(finding neuropsychological evaluation containing discussion of claimant's mental

impairments in relation to her functioning in various areas of life was a medical opinion

warranting evaluation).

       Defendant's argument, that the assessment was not a medical opinion because it

offered only recommendations and was therefore simply "other medical evidence," is

unavailing and in conflict with the ALJs' considerations of other medical opinions in the

record - most notably, Dr. Gage's reports.  Dr. Gage's 2023 neuropsychological

consultation provides less discussion of Plaintiff's functional limitations than Dr.

Golden's assessment, yet the ALJ here evaluated Dr. Gage's report as a medical opinion,

but gave no discussion or mention of Dr. Golden's assessment. (AR 26-27). Similarly,

the prior ALJ evaluated a 2013 neuropsychological evaluation by Dr. Gage as a medical

opinion. (AR 89-90). There is no discernable difference or reason for two ALJs to have

considered and evaluated Dr. Gage's reports as "medical opinions," but not Dr. Golden's

assessment. Thus, Defendant's position on review is inconsistent with the ALJs'

treatment of other similar medical evidence in the record as opinions. (Dkt. 22 at 18-19).

Considering the entire record, the Court finds the ALJ harmfully erred in failing to

evaluate the persuasiveness of Dr. Golden's assessment as a medical opinion, or, at the

very least, failing to provide a legitimate reason for not doing so.

Although not addressed by the parties, the Court considered the fact that Dr.

Golden's assessment was dated prior to the amended alleged onset date. "Medical

opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*,

533 F.3d at 1165. Nevertheless, the Ninth Circuit has not ruled that such opinions may be

altogether ignored or are per se irrelevant merely because the predate the disability onset

date. To the contrary, an ALJ is required to "consider all opinion evidence." *Tommasetti*

*v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *see also Williams v. Astrue*, 493 Fed.

Appx. 866, 868 (9th Cir. 2012) (ALJ erred by silently disregarding medical opinions that

predated alleged disability onset date); *Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989)

(medical report from before disability period was relevant to the issue of whether

claimant's condition had worsened since a previous determination of non-disability). This

is particularly true where, as here, the opinion was relatively close-in-time to the alleged

onset date and addressed not only Plaintiff's impairments, but also the corresponding

functional limitations resulting from the impairments. *See, e.g., Crystal O. v. Kijakazi*,

2021 WL 5774395, at *2 (W.D. Wash. 2021) (error to disregard opinion that was four

months before the alleged onset date). Further, an ALJ "may not reject 'significant

probative evidence' without explanation" and the "written decision must state reasons for

**MEMORANDUM DECISION AND ORDER - 10**

disregarding [such] evidence." *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995)

(quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

Here, Dr. Golden's July 22, 2020 assessment was issued after the original onset

date of February 11, 2020, and relatively close to the amended onset date of February 11,

2021. Importantly, Dr. Golden's assessment was not considered in Plaintiff's prior

disability cases, contains relevant updated diagnoses and discussion of Plaintiff's

functional limitations, and was relied on by Dr. Gage and Dr. Atkinson. Thus, Dr.

Golden's assessment has some potential relevance to the disability determination. Yet,

the ALJ's written decision is absent any mention of Dr. Golden's opinion, even in so far

as to say that it was not considered because it predated the amended alleged onset date or

for some other reason.[2] It is therefore impossible for the Court to determine the ALJ's

reasoning, if any, relevant to Dr. Golden's opinion. *Brown-Hunter v. Colvin*, 806 F.3d

487, 495 (9th Cir. 2015). For these reasons, the Court finds the ALJ erred.

The error found herein is not harmless, as the Court cannot confidently conclude

that the error was inconsequential to the disability determination. *Marsh v. Colvin*, 792

F.3d 1170, 1173 (9th Cir. 2015) (cleaned up) (The Court "cannot consider an error

harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting

the testimony, could have reached a different disability determination."). For instance, it

is unknown whether, upon a proper evaluation, the ALJ would find Dr. Golden's opinion

---

[2] The ALJ's decision mentions a June 2020 medical record from prior to the alleged onset date showing a history of autism and impaired insight/judgment. (AR 25). However, this reference is not to Dr. Golden's assessment, which was dated July 22, 2020. (AR 558).

**MEMORANDUM DECISION AND ORDER - 11**

persuasive; the ALJ's evaluation of Dr. Golden's assessment would impact the evaluations of the opinions by Dr. Gage and Dr. Atkinson, both of which incorporated and/or considered Dr. Golden's assessment; and the resulting disability determination would be affected. Remand is therefore required for the ALJ to properly evaluate the persuasiveness of Dr. Golden's medical opinion in the first instance, and to explain whether and how the opinion is considered, if at all, in making the disability determination in light of the entire record.

Having found that remand is warranted on this issue, the Court declines to address Plaintiff's remaining issues. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

## 2. Conclusion

Based on the foregoing, the Court finds harmful error in the ALJ's evaluation of the medical opinion evidence. Therefore, the disability determination is not supported by substantial evidence. The Court will reverse and remand the ALJ's decision for further administrative proceedings.

The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally proper where no useful

purpose would be served by further administrative proceedings, or where the record has been fully developed. *Trevizo*, 871 F.3d at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ erred by failing to evaluate the medical opinion of Dr. Golden. The circumstances presented in this case suggest that further administrative review could remedy the Commissioner's errors. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter*, 806 F.3d at 496; *see also Bunnell*, 336 F.3d at 1115-16.[3] For these reasons, the ALJ's decision will be reversed and remanded for further administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand. The parties may freely take up any issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

---

[3] This is not to say that the disability determination will or should be different in this case, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

**MEMORANDUM DECISION AND ORDER - 13**

## **ORDER**

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      The Complaint (Dkt. 1) is **GRANTED**;

2)      This action will be **REMANDED** to the Commissioner for further
       proceedings consistent with this opinion; and

3)      This Remand is considered a "sentence four remand," consistent with 42
       U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir.
       2002).

DATED: August 11, 2025

Honorable Debora K. Grasham
United States Magistrate Judge